NO. 07-11-00115-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
26, 2011

 



 

NICOLE C. FERGUSON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 100TH DISTRICT COURT OF
CARSON COUNTY;

 

NO. 3701; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER OF ABATEMENT AND
REMAND

 

Appellant, Nicole C. Ferguson,
appeals the trial court’s judgment adjudicating guilt for the offense of felony
possession of marijuana.[1]  The clerk’s record contains a certification
of appellant’s right of appeal which was not signed by appellant.  

Effective September 1, 2007, Rule of
Appellate Procedure 25.2(d) was amended to require certifications executed
after the effective date to be signed by the appellant and a copy served on
him.  Tex. R. App. P. 25.2(d); Mason v. State, No. 07-07-0383-CR, 2008
Tex. App. Lexis 3956 (Tex.App.--Amarillo May 29,
2008) (per curiam order, not designated for
publication).  Consequently, we abate the
appeal and remand the cause to the 100th District Court of Carson County for
further proceedings.  On remand, the
trial court shall utilize whatever means it finds necessary to secure and file
with this court a certificate of right to appeal that complies with Rule
25.2(d).  Tex. R. App.
P. 25.2(d).

If necessary, the trial court shall
execute findings of fact, conclusions of law, and any necessary orders it may
enter regarding the aforementioned issues and cause its findings, conclusions,
and orders, if any, as well as a conforming certificate of appellant’s right of
appeal to be included in a supplemental clerk’s record.  If the trial court conducts a hearing in the
matter, it shall be stenographically recorded and the
transcription included in a supplemental reporter’s record.  The trial court shall file the supplemental
clerk’s record and the supplemental reporter’s record, if any, with the clerk
of this court by May 26, 2010.

It is so ordered.

Per Curiam

 

 

Do not
publish. 

            











[1] See Tex.
Health & Safety Code Ann. § 481.121(a),(b)(5) (West 2010) (the knowing or
intentional possession of a useable quantity of marijuana of 2,000 pounds or
less but more than 50 pounds is a second degree felony).  A second degree felony is punishable by
imprisonment for a term of not more than 20 years or less than 2 years and a
fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33 (West Supp. 2010).